UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY A. BROOKS,

    Petitioner,

v.

STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

Civ. No. 11-6805 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Anthony Brooks, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2000, Mr. Brooks was convicted by a jury of several counts, including robbery, aggravated assault, and weapons charges. He received a sentence of sixteen years' imprisonment with an eighty-five percent parole ineligibility. Mr. Brooks's claims include erroneous jury instructions at his state trial and ineffective assistance of counsel. For the following reasons, the habeas petition will be denied as untimely.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

> The record in this matter indicates that at midnight on February 17, 1999, after Kabir Nunnally had purchased take-out food from Lincoln Chicken on Bergen Street in Newark, defendant approached Nunnally asking for cocaine and reaching into Nunnally's right front pocket. A struggle ensued, during which defendant struck Nunnally several times on the temple with his handgun and demanded money. Nunnally threw money on the ground, which angered defendant, who struck Nunnally again and ordered him to pick up the money and give him all the cash that he

---

[1] This opinion rests on the time limit for filing of habeas petitions. As background, I provide the following recitation of the facts of the case, taken from the decision, dated June 9, 2010, of the New Jersey Superior Court, Appellate Division, on Mr. Brooks' post-conviction relief ("PCR") petition.

1

> had. Nunnally complied, giving defendant $127, which he claimed was the proceeds of his paycheck. Following defendant's order to do so, Nunnally then started running. Defendant shot at him once, but Nunnally ducked behind a parked car.
>
> Thereafter, Nunnally observed defendant entering the back seat of a light colored Honda, which was then driven off. Police, flagged down by Nunnally, gave chase and soon stopped the vehicle, finding defendant in the back seat with a loaded handgun lying next to him. Nunnally identified defendant at the scene.
>
> At trial, defendant testified on his own behalf. He stated that he had been approached by Nunnally, who sought drugs. When defendant thought Nunnally was reaching for a gun, a struggle ensued, a shot was fired, and defendant thought that he had been struck. Defendant then wrestled the gun from Nunnally and, spying a car in the parking lot occupied by a woman that he knew, defendant jumped in and ordered the driver to drive off. The car was subsequently stopped by the police and Nunnally's gun was found in defendant's possession. Defendant denied owning the gun, committing the robbery, and firing the gun at Nunnally. The jury did not credit defendant's version of the events and returned a verdict against him on all counts of the indictment.

(Dkt. No. 12-3 at p. 9-10.) The New Jersey Superior Court Appellate Division affirmed on direct appeal on January 21, 2003. (*See* Dkt. No. 11-8.) The New Jersey Superior Court denied certification on May 22, 2003. (*See* Dkt. No. 11-11.)

On September 3, 2004, Mr. Brooks filed a *pro se* PCR petition in state court. (*See* Dkt. No. 11-12.) On March 17, 2007, Mr. Brooks also had a counseled PCR petition filed on his behalf. (*See* Dkt. No. 11-14.) On May 17, 2007, the New Jersey Superior Court, Law Division, denied the PCR petition. (*See* Dkt. No. 11-18.)[2] The Appellate Division affirmed that denial on June 9, 2010. (*See* Dkt. No. 12-3.) The New Jersey Supreme Court denied certification on October 28, 2010. (*See* Dkt. No. 12-6.)

---

[2] The opinion recites the grounds asserted in both the *pro se* PCR and the counseled PCR, and the denial appears to encompass both. *Id.*

2

On November 1, 2011, at the earliest, Mr. Brooks filed this federal habeas petition.[3] On August 27, 2013, respondent filed its answer in response to the habeas petition. Respondent argues, *inter alia*, that the habeas petition is untimely. Mr. Brooks did not file a reply.

Based on his notice of change of address, it appears that that Mr. Brooks was released from state incarceration sometime after respondent filed its answer. (*See* Dkt. No. 15.) On April 21, 2014, Chief Judge Simandle reassigned this case to me in light of Judge Cavanaugh's retirement.

### III. DISCUSSION

A. <u>Mr. Brooks' Release from State Incarceration</u>

Although Mr. Brooks was incarcerated when he filed his habeas petition, it appears that he no longer is. "After a petitioner's release from custody, [a court] consider[s] his habeas case moot unless he 'can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand.'" *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (quoting *DeFoy v. McCullough*, 393 F.3d 441-42, 442 n.3 (3d Cir. 2005)). However, a court presumes "collateral consequences when a litigant challenges a criminal conviction." *Id.* (citations omitted). Such collateral consequences may include, for example, parole supervision. I will assume that there exist collateral consequences sufficient to support this Court's jurisdiction over the habeas petition.

---

[3] I deem that to be the date of filing under the prisoner "mailbox rule." A prisoner's court filing is deemed filed on the date he delivered it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). When a court is unable to determine the exact date that a prisoner handed his filing to a prison official for mailing, it will look to the date the document is signed by the prisoner. *See Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). In this case, Mr. Brooks' federal habeas petition is dated November 1, 2011, so that is the earliest possible date he could have delivered it to prison officials for mailing.

3

B. <u>Statute of Limitations</u>

Mr. Brooks's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year time limit for a prisoner to bring a Section 2254 habeas challenge to his state conviction and sentence. *See* 28 U.S.C. § 2244(d)(1). That one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Mr. Brooks's conviction became final on August 20, 2003, upon the expiration of the ninety day period for him to file a writ of certiorari from the United States Supreme Court on direct appeal. *See Henderson v. DiGuglielmo*, 138 F. App'x 463, 466 n.4 (3d Cir. 2005) (citing *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). Accordingly, Mr. Brooks' AEDPA statute of limitations expired on August 20, 2004—some seven years before he filed this habeas petition—unless the statute of limitations was tolled.

C. <u>Statutory Tolling</u>

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In other

words, AEDPA's statute of limitations is suspended while a "properly filed" collateral attack remains pending in state courts. That exclusion of time is known as "statutory tolling."

The PCR petition is deemed to have been filed on or about September 3, 2004. Mr. Brooks' initial PCR petition does not have a specific September date. Mr. Brooks has given its date as both "Sept. 2004" and "April 12, 2005." (*See* Dkt. No. 11-12.) Mr. Brooks' counseled PCR petition, however, states that he filed his PCR petition "on or about September 3, 2004." (*See* Dkt. No. 11-14 at p. 9.) The opinion of the New Jersey Superior Court, Law Division, also recites that Mr. Brooks filed his PCR petition on September 3, 2004. (*See* Dkt. No. 11-18 at p. 4.) At any rate, Mr. Brooks does not appear to contest this date, and has never given any date earlier than the month of September 2004.

Mr. Brooks' state conviction became final on August 20, 2003. The filing of his first PCR petition, then, was over one year later, on September 3, 2004. As of one year from his conviction (*i.e.,* as of August 20, 2004), the entire AEDPA limitations period had already run. Of course, if the limitations period had still been running, the PCR filing would have suspended it. That, however, is not the case; when Mr. Brooks filed his PCR petition on September 3, 2004, the one year AEDPA limitations period had already run.

As of September 3, 2004, then, there was nothing left to toll or suspend. Statutory tolling cannot save this habeas petition. *See Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (Magistrate Judge rules that PCR petition was filed after the expiration of AEDPA's one-year limitations period, making statutory tolling inapplicable) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted by* 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo*, No. 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("Because all of petitioner's subsequent PCRA petitions were filed after

his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

There is a second, alternative reason that, even if the PCR petition had suspended the AEDPA period, the petition would nevertheless be untimely. The New Jersey Supreme Court denied certification on Mr. Brooks's PCR petition on October 28, 2010. The tolling or suspension period, then, ended on that date.[4] Thus the AEDPA period, even if it had not already run, would have started running again on that date. Mr. Brooks waited for more than a year before filing his federal habeas petition on November 1, 2011. This represented a second, unsuspended one year period that renders the habeas petition untimely.

D. Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling in an appropriate case. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Mr. Brooks has made no showing that he is entitled to equitable tolling. No facts, let alone extraordinary circumstances, appear on the face of the petition. After respondent raised the statute of limitations in its answer, Mr. Brooks did not file a reply. Accordingly, equitable tolling will not be applied. Mr. Brooks's habeas petition shall be denied as untimely.

---

[4] In contrast to the rule on direct appeal, the tolling period does not include the time during which Mr. Brooks could have filed a petition for writ of certiorari in the United States Supreme Court. *See Stokes v. Dist. Attorney of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001); *see also Ransome v. Holmes*, No. 12-4889, 2013 WL 6253668, at *4 (D.N.J. Dec. 4, 2013) (stating that ninety-day period that petitioner had to file a petition for writ of certiorari on the denial of PCR petition does not toll the AEDPA statute of limitations).

E. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, I determine that a certificate of appealability should not issue in this case.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied as untimely. A certificate of appealability will not issue. An appropriate order will be entered.

DATED: November 19, 2014

                                                            KEVIN MCNULTY
                                                            United States District Judge